IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


ADRIAN CHRISTINE KITCHING                                        PLAINTIFF


          v.                          CIVIL NO. 16-2223


NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                  DEFENDANT

### MEMORANDUM OPINION

        Plaintiff, Adrian Christine Kitching, brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of a decision of the Commissioner of the Social Security

Administration (Commissioner) denying her claims for supplemental security income (SSI)

benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial

review, the Court must determine whether there is substantial evidence in the administrative

record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

        Plaintiff protectively filed her current application for SSI on May 6, 2014, alleging an

inability to work due to back problems and anxiety.  (Doc. 10, pp. 60, 138).  An administrative

hearing was held on April 29, 2015, at which Plaintiff appeared with counsel and testified.

(Doc. 10, pp. 31-58).

        By written decision dated August 31, 2015, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 10,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

p. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: a disorder of the lumbar spine. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to

> perform sedentary work as defined in 20 CFR 416.967(a) except she cannot climb ropes and ladders. She must avoid hazards, including unprotected heights and moving machinery. She can occasionally climb stairs and ramps, balance, crawl, kneel, stoop, and crouch. She can occasionally operate hand and foot controls bilaterally.

(Doc. 10, pp. 18-19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a warehouse checker, a content inspector, and a merchandise marker. (Doc. 10, p. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on July 14, 2016. (Doc. 10, pp. 4-10). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable

mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from

3

doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

## III.   Discussion:

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council consists of a MRI of the lumbar spine. (Doc. 10, p. 270). A review of the record revealed that Dr. Ted Honghiran, a

consultative examining physician, indicated that Plaintiff needed to have a MRI of her lumbar spine and to see a back specialist.  (Doc. 10, p. 257).  Had the ALJ had this medical evidence before him when making the decision in this case, the outcome may very well have been different.  Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new and material evidence.  With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

While not addressed by either party, a review of the record revealed that the hearing decision indicates Plaintiff maintains the RFC to perform sedentary work, and then found Plaintiff able to perform light work jobs.  (Doc. 10, pp. 18-19, 25, 56-57).  The record does include interrogatories completed by a different vocational expert who opined that there were sedentary jobs available.  (Doc. 10, pp. 226-229).  However, this case is being remanded on a separate issue so the Court need not address the finding in the interrogatories.

## IV.     Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 4th day of August 2017.


/s/    *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE